IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LISA TRACEY,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>ST. JUDE MEDICAL, INC.,<br><br>　　　　　　Defendant. | 8:14CV198<br><br>ORDER |

This matter is before the court on the parties' related Motion for Protective Order (Filing No. 45), filed by the defendant, St. Jude Medical, Inc. (St. Jude), and Motion to Compel Plaintiff's Notices of Subpoenas Duces Tecum (Filing No. 48), filed by the plaintiff, Lisa Tracey (Tracey).  St. Jude filed a brief (Filing No. 46) with evidentiary attachments (Filing Nos. 46-1 and 46-2) in support of its motion.  Tracey filed a brief (Filing No. 49) and index of evidence (Filing Nos. 51 and 52) in support of her motion.  Tracey also filed response (Filing No. 55) and index of evidence (Filing No. 56) in opposition of St. Jude's motion.  St. Jude filed a brief (Filing No. 61) in opposition to Tracey's motion and brief (Filing No. 62) in support of St. Jude's motion.

BACKGROUND

This case involves the circumstances surrounding Tracey's termination from St. Jude.  Tracey alleges St. Jude wrongfully terminated her for reporting and opposing St. Jude's unlawful billing activities.  *See* Filing No. 1 - Complaint.  Specifically, Tracey alleges she opposed fraudulently billing a patient for a medical device in order to provide such device, free of charge, to a different patient and other false purchase orders.  *Id.* ¶¶ 30-42.  Tracey asserts St. Jude retaliated against her in violation of the Nebraska Fair Employment Practices Act (NFEPA) and Nebraska public policy.  *Id.* ¶¶ 29-49.  St. Jude denies it acted fraudulently and denies it terminated Tracey's employment because of her opposition to the alleged fraudulent activity.  *See* Filing No. 12 - Answer.

On April 30, 2015, Tracey filed and served four notices for subpoenas deposition duces tecum.  *See* Filing Nos. 40-43 - Notices of Subpoenaed Videotaped Deposition

Duces Tecum. According to Tracey, the four individuals subject to the subpoenas are non-party individuals who have been identified during discovery as having knowledge of St. Jude's fraudulent billing practices. **See** Filing No. 49 - Brief; Filing No. 55 - Response. The four individuals are Steve Goltl (Goltl) and Bonnie Brabec (Brabec), employees of Methodist Hospital in Omaha, Nebraska; Gladys Linn (Linn), an employee of Jennie Edmundson Hospital in Council Bluffs, Iowa; and Robin Paprocki (Paprocki), a Nebraska Medical Center nurse case manager. **See** Filing No. 49 - Brief p. 2-3. The subpoenas to Goltl, Brabec, and Linn generally seek all evidence relating to any request to change, correct, and fix any false or inaccurate purchase order by any current or former St. Jude employee, all evidence relating to suspected false purchase orders submitted by any current or former employee of St. Jude for any patient, including patients covered by Medicaid or Medicare at the entity, and all evidence relating to anything of value in excess of $50 provided by any employee of St. Jude to any medical provider at the entity. **See** Filing Nos. 56-9, 56-10, and 56-12 - Goltl, Brabec, and Linn Subpoenas. The subpoena to Paprocki generally seeks all evidence showing medical devices and products provided to the subpoenaed entities and various doctors without charge or at a reduced rate by any employee of St. Jude from 2011 to 2013, evidence showing billing or invoicing for any medical devices or products provided by any employee of St. Jude from 2011 to 2013, evidence showing documentation or disclosure regarding a non-charge status for any medical device or product provided by St. Jude from 2011 to 2013, and evidence showing fees, revenue, remuneration, services charges, or any other value billed, charged or received from a medical provider at the entity who accepted a free device or product from St. Jude's employees from 2010 to 2013 and who provided that device to a patient. **See** Filing No. 56-11 - Paprocki Subpoena.

Tracey argues the testimony sought from Goltl, Brabec, Linn, and Paprocki is relevant because it directly bears on Tracey's burden of proof to show she had a good faith belief St. Jude engaged in unlawful activities. **See** Filing No. 49 - Brief; Filing No. 55 - Response. St. Jude argues the subpoenas seek irrelevant information. **See** Filing No. 46 - Brief p. 5-8. St. Jude also contends the subpoenas are overbroad, impose and undue burden on St. Jude's customers, and less restrictive means exist to obtain the

2

information.  *Id.* at 8-12.  St. Jude argues Tracey should first seek the information from St. Jude before harassing St. Jude's customers.  *Id.*

## ANALYSIS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'"  ***WWP, Inc. v. Wounded Warriors Family Support, Inc.***, 628 F.3d 1032, 1039 (8th Cir. 2011) (alteration in original) (**quoting** Fed. R. Civ. P. 26(b)(1)).  Accordingly, relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978).  Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity the information they hope to obtain and its importance to their case.  **See *Cervantes v. Time, Inc.***, 464 F.2d 986, 994 (8th Cir. 1972).  Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto.  Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden."  ***Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton***, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted).  The court has authority to limit the scope of discovery.  ***Roberts v. Shawnee Mission Ford, Inc.***, 352 F.3d 358, 361 (8th Cir. 2003).

Under this court's local rules, "[n]o subpoena may be issued for documents or premises whose inspection or production is contested under this rule until the parties resolve the objections.  Any unresolved objections will be resolved by the court on appropriate motion filed in accordance with NECivR 7.1."  NECivR 45.1(b); **see also** Fed. R. Civ. P. 45.  A party may move for an order protecting disclosure or discovery.  **See** Fed. R. Civ. P. 26(c).  The party moving for the protective order has the burden to demonstrate good cause for issuance of the order.  **See *Miscellaneous Docket Matter***

***No. 1 v. Miscellaneous Docket Matter No. 2***, 197 F.3d 922, 926 (8th Cir. 1999). After showing good cause, the court may forbid disclosure or discovery. **See** Fed. R. Civ. P. 26(c)(1)(A).

### A.     Standing

"[An] adverse party has standing to object to a third-party subpoena on grounds of relevance or to protect a personal right or privilege in the information requested." ***Streck, Inc. v. Research & Diagnostic Sys., Inc.***, No. 8:06CV458, 2009 WL 1562851, at *3 (D. Neb. June 1, 2009) (**citing** ***Mawhiney v. Warren Distrib., Inc.***, No. 8:05CV466, 2007 WL 433349, at *1 (D. Neb. Feb. 7, 2007), *aff'd*, 283 Fed. Appx. 424, No. 07-2753 (8th Cir. July 10, 2008); ***Union Pac. R.R. Co. v. Mike's Train House, Inc.***, No. 8:05CV575, 2006 WL 1134781, at *3 (D. Neb. Apr. 25, 2006)). St. Jude contends the information sought is irrelevant. "A party does have standing to move for a protective order if a third-party subpoena seeks irrelevant information." ***Streck, Inc.***, 2009 WL 1562851, at *3 (**citing** ***Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.***, 231 F.R.D. 426, 429 (M.D. Fla. 2005)). Accordingly, based on St. Jude's argument the discovery is irrelevant, St. Jude has standing to contest issuance of the subpoenas. Additionally, because Tracey's subpoenas generally seek St. Jude's purchase orders and products sent to St. Jude's customers, St. Jude also appears to have a personal right in the information. St. Jude retains an interest in the confidential business information despite Tracey seeking the billing information from third parties.

### B.     Merits

St. Jude has demonstrated good cause exists to preclude Tracey from obtaining the irrelevant information. Furthermore, Tracey has failed to show how the sought-after information, generally the individuals' employers' financial, billing, purchasing, and invoicing information, is relevant to establish Tracey's good faith belief St. Jude engaged in unlawful activity. Tracey relies on ***Wolfe v. Becton Dickinson & Co.***, 662 N.W.2d 599 (Neb. 2003) to support her argument the subpoenaed information is relevant to show she had a reasonable, good faith belief St. Jude acted unlawfully. The Supreme Court of Nebraska held in ***Wolfe*** that an employee is protected "from

4

employer retaliation for his or her opposition to an act of the employer only when the employee reasonably and in good faith believes the act to be unlawful." *Wolfe*, 662 N.W.2d at 605. *Wolfe* explained "a reasonable, good faith belief [does] not requir[e] an actually unlawful practice." *Id.* Instead, "[i]n order for such a belief to be reasonable, the act believed to be unlawful must either in fact be unlawful or at least be of a type that is unlawful." *Id.* at 606. Contrary to Tracey's assertion, there is no requirement Tracey prove St. Jude actually committed fraud to show she acted reasonably. **See *id.*;** **see also *Ludlow v. BNSF Ry. Co.*,** No. 4:12CV3113, 2013 WL 3872930, at *13 (D. Neb. July 24, 2013). Further, the information relevant to Tracey's good faith belief is what Tracey knew *at the time* she objected to and opposed St. Jude's alleged unlawful activity. According to Tracey, the following incidents formulated her belief St. Jude engaged in unlawful activity: an email from St. Jude's regional manager directing Tracey and another employee to "[s]ign up the next patient that does not need [a broad band adaptor] and send it to this patient;" documents from Methodist Hospital related to alleged fraudulent charges by a St. Jude employee; and an email indicating an unauthorized purchase order was entered on behalf of the VA Medical Center. **See** Filing No. 52-3 Ex. C - Peltz's Feb. 27, 2013, Email; Filing No. 52-8 Ex. G - Methodist Hospital Documents; Filing No. 56-6 Ex. D - Tracey Depo. p. 161 - 166, 190:11 - 191:23, 267:7-16. Tracey already has evidence to support her belief St. Jude engaged in fraudulent activity.[1] Evidence of St. Jude's past fraud, if it exists, which was unknown to Tracey, is irrelevant to Tracey's good faith belief.

Additionally, Tracey has not otherwise explained, beyond arguing the information is relevant to her good faith belief, how the information is relevant to her claim for retaliation, which requires she suffered an adverse employment action for engaging in protected activity. **See *Riesen v. Irwin Indus. Tool Co.*,** 717 N.W.2d 907, 915 (Neb. 2006) ("To establish a prima facie case of unlawful retaliation, an employee must show that he or she participated in a protected activity, that the employer took an adverse employment action against him or her, and that a causal connection existed between the protected activity and the adverse employment action."); **see also *Helvering v.***

---

[1] Even assuming the information Tracey seeks is relevant to her claims, the information would seemingly be cumulative under Fed. R. Civ. P. 26(b)(2)(C)(1).

5

*Union Pac. R. Co.*, 703 N.W.2d 134, 150 (Neb. Ct. App. 2005) (noting opposing any unlawful act of the employer is protected of Neb. Rev. Stat. § 48-114(3)).  Tracey contends the information sought is relevant to St. Jude's violations of federal law and Nebraska's criminal code.  Although Tracey alleges in her complaint St. Jude's activities may violate other laws, Tracey has only asserted violations of the NFEPA and Nebraska public policy in her complaint.  **See** Filing No. 1 - Complaint.

Accordingly, the court finds St. Jude has shown good cause for a protective order protecting the documents requested in Tracey's four notices for subpoenas deposition duces tecum.  The court will not compel issuance of the subpoenas.

**IT IS ORDERED**:

1. St. Jude's Motion for Protective Order (Filing No. 45) is granted.  The court will not enter a separate protective order.

2. Tracey's Motion to Compel Plaintiff's Notices of Subpoenas Duces Tecum (Filing No. 48) is denied.

Dated this 3rd day of June, 2015.

BY THE COURT:

 s/ Thomas D. Thalken
 United States Magistrate Judge