IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LISA TRACEY,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ST. JUDE MEDICAL, INC.,<br><br>　　　　　　Defendant. | 8:14CV198<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the plaintiff's objections, Filing No. 66, to the order of the magistrate judge, Filing No. 65, granting the defendant's motion for a protective order, Filing No. 45, and denying the plaintiff's motion to compel issuance, Filing No. 48, with respect to four Notices of Subpoenaed Videotaped Deposition Duces Tecum. This is an action for wrongful termination in retaliation for engaging in protected whistle-blower activities under the Nebraska Fair Employment Practices Act. Jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1332.

The plaintiff alleges she was terminated from employment by defendant St. Jude Medical, Inc. ("St. Jude") for reporting and opposing St. Jude's allegedly fraudulent billing practices. St. Jude is in the business of developing, manufacturing and distributing medical devices and sells its products to hospitals and other healthcare providers. The plaintiff attempted to subpoena four non-party employees of customers (all hospital entities) of the defendant for depositions duces tecum.[1] *See* Filing No. 40 - 43, notices of subpoenas duces tecum. The subpoenas generally sought production of

---

[1] The four individuals are Steve Goltl and Bonnie Brabec, employees of Methodist Hospital in Omaha, Nebraska, Gladys Linn, an employee of Jennie Edmundson Hospital in Council Bluffs, Iowa; and Robin Paprocki, an employee of Nebraska Medical.

documents related to any requests from St. Jude employees to fix, alter or correct purchase orders for St. Jude products or related to medical devices and products of St. Jude that were provided without charge or at reduced rates to the subpoenaed entities. *Id.* All of the witnesses were identified in discovery as having knowledge of St. Jude's allegedly fraudulent billing practices.

The notices to depose non-parties were served on St. Jude in accordance with local rules and St. Jude objected to the issuance of the subpoenas on grounds of relevancy, invasion of privacy and harassment and as overly broad and burdensome as to scope and time. In ruling on the motions to compel and for a protective order, the magistrate judge first found St. Jude has standing to object to the issuance of the subpoenas. Filing No. 65, Order at 5. The magistrate judge next found that Tracey had not shown that evidence of any past fraud was relevant to the plaintiff's good faith belief that a fraud had been committed by the defendant. *Id.* at 5. Further, the magistrate judge noted that the evidence sought, if relevant, would be cumulative. *Id.,* n.1.

Plaintiff objects to the magistrate judge's finding that the deposition testimony and documents she seeks are irrelevant. She argues that the evidence is relevant not only to the issue of plaintiff's good faith belief of fraud, but to the issue of actually fraudulent billing practices. She contends that a showing of actual fraud is relevant to the plaintiff's reasonable belief of fraud. In its brief in support of the motion, plaintiff states she is willing to narrow the scope of the subpoenas.[2]

---

[2] Specifically, she states she "is willing to narrow the scope of these requests by striking certain paragraphs from the Goltl, Linn, and Brabec subpoenas," namely paragraphs four and five from Filing No. 56-9 at ECF p. 6, Ex. G, Goltl Notice, Ex. A and Filing No. 56-10 at ECF p. 6, Ex. H, the Brabec notice,

A magistrate judge's authority over nondispositive pretrial matters is governed by 28 U.S.C. § 636(b)(1)(A). *Gomez v. United States*, 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a). On review of a decision of the magistrate judge on a nondispositive matter, the district court may set aside any part of the magistrate judge's order that it finds is clearly erroneous or contrary to law. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a); *see Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). ("A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law.").

A decision is "'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Commissioner of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996); *see Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007). A decision is "contrary to the law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting *Transamerica Life Ins. Co. v. v. Lincoln Nat'l Life Ins. Co.*, 592 F.Supp.2d 1087, 1093 (N.D. Iowa 2008)). A magistrate judge is afforded broad discretion in the resolution of nondispositive discovery disputes. *Bialas v. Greyhound Lines, Inc.*, 59 F.3d 759, 764 (8th Cir. 1995).

At this stage of the proceeding, the court cannot determine the relevance of the information the plaintiff seeks. It may be relevant to substantiate the plaintiff's

---

and paragraphs five and six from Filing No. 56-12 at ECF p. 6, EX. J, the Linn notice. She would also agree to narrow the requests to the time period from 2011 to 2013. Filing No. 67, Brief at 23-24.

allegations or to rebut the defendant's contentions. However, the court finds the plaintiff has not shown that she cannot obtain the information by less intrusive means. It appears the requests involve many documents generated by St. Jude and concerns the conduct of St. Jude employees. The plaintiff should seek the information from the defendant before deposing third parties. It appears that depositions of the defendant's employees have only recently been taken or scheduled. Accordingly, the court finds the plaintiff's notices of non-party depositions duces tecum are premature. The magistrate judge's order will be affirmed without prejudice to reassertion of the requests on a proper showing that the information cannot be obtained elsewhere, sufficient narrowing of the information sought, and a showing of relevance to issues herein. The court will revisit the issue at that time.

IT IS ORDERED:

1. The plaintiff's objections (Filing No. 66), to the order of the magistrate judge (Filing No. 65) are overruled.

2. The order of the magistrate judge (Filing No. 65) granting the defendant's motion for a protective order (Filing No. 45) is affirmed.

3. The order of the magistrate judge (Filing No. 65) denying the plaintiff's motion to compel issuance (Filing No. 48) is affirmed, without prejudice to the refiling of the notices of subpoenas of nonparties at a later date.

DATED this 19th day of October, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge