# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LISA TRACEY,<br><br>        Plaintiff,<br><br>vs.<br><br>ST. JUDE MEDICAL, INC.,<br><br>        Defendant. | 8:14CV198<br><br>ORDER |

This matter is before the court on the plaintiff's Rule 56(d) Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment (Filing No. 99). The plaintiff filed a brief (Filing No. 100) and an index of evidence (Filing No. 101) in support of the motion. The defendant filed a brief (Filing No. 103) and an index of evidence (Filing No. 104) opposing the motion. The plaintiff filed a brief (Filing No. 112) in reply. The defendant filed a brief (Filing No. 115) and index of evidence (Filing No. 116) in sur-reply, with leave of court.

The plaintiff seeks a ninety-day extension of time to file a response to the defendant's Motion for Summary Judgment. **See** Filing No. 99. The plaintiff states, that "[a]lthough [she] is confident she can defeat summary judgment with the evidence now in her possession" she requests time to conduct additional discovery on issues raised in the summary judgment motion and other issues. **See** Filing No. 100 - Brief p. 2. Specifically, the plaintiff wishes to depose five fact witnesses who have "knowledge and information which may raise genuine issues of material fact and which will corroborate Plaintiff's testimony in this matter." *Id.* The plaintiff explains a protective order previously prevented her from taking the depositions of three of the proposed deponents. *Id.* at 3, 9. The plaintiff failed to depose the other two proposed deponents based on agreements with opposing counsel or personal decisions. *Id.* at 6-7, 10.

The defendant opposes any extension of time to complete additional discovery. **See** Filing No. 103 - Response. The defendant argues the plaintiff seeks only delay and cannot identify any testimony from the proposed deponents which would create a genuine issue of material fact. *Id.* at 1. The defendant suggests the parties differ on their opinions about what evidence is necessary. *Id.* at 1-2. The defendant contends

the evidence relevant to the summary judgment motion is whether the plaintiff, herself, reasonably believed and reported alleged fraud based on information she had at the time, rather than whether the defendant actually engaged in fraud, which was unknown to the plaintiff. *Id.* Accordingly, three of the witnesses sought by the plaintiff remain irrelevant. The defendant asserts it has attempted to schedule the other two deponents repeatedly in an attempt to avoid delay. *Id.* at 2.

The plaintiff seeks additional time to respond to the defendant's motion for summary judgment for purposes of obtaining additional discovery as permitted under Federal Rule of Civil Procedure 56(d), which provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Generally, Rule 56(d) suggests "summary judgment is proper only after the nonmovant has had adequate time for discovery." **Ray v. Am. Airlines, Inc.**, 609 F.3d 917, 923 (8th Cir. 2010) (citation omitted). Where, as here, the parties have had ample opportunity to complete discovery, the party seeking delay must "identify specific facts that further discovery might uncover and show how those facts would rebut [the defendant's] showing of the absence of genuine issues of material fact." **Chambers v. Travelers Companies, Inc.**, 668 F.3d 559, 568 (8th Cir. 2012).

The plaintiff's own brief states her belief she "is confident she can defeat summary judgment with the evidence now in her possession" and she merely seeks to buttress her evidence and discover corroborating existing evidence. Additionally, the plaintiff suggests she wants to complete discovery on many topics, even those unrelated to summary judgment, prior to filing a response. The plaintiff fails to identify specific facts and show how those facts are *essential* to justify her opposition to summary judgment. By contrast, the plaintiff raises issues previously raised in her motion to compel, which this court denied by order and the plaintiff's objections to the

2

order were overruled.  **See** Filing Nos. 65 and 86 (holding "the court cannot determine the relevance of the information the plaintiff seeks").  While the court left open whether the plaintiff may reassert the discovery requests upon a future proper showing, summary judgment need not wait.  At this time the court will not determine the likelihood the plaintiff will be allowed to depose the three non-parties named by the plaintiff because she has thus far failed to make a proper showing.  The discovery dispute did not hinder the plaintiff from taking the remaining two proposed deponents' depositions, which the plaintiff was free to schedule before or after the court's discovery order.

Additionally, the plaintiff argues the defendant's motion for summary judgment is premature because the discovery deadline has not expired.  **See** Filing No. 112 - Reply p. 2.  Contrary to her argument, the defendant filed its motion for summary judgment on the deadline imposed by the court, after a three-month extension the deadline.  **See** Filing Nos. 31, 72, 94.  Moreover, the court intentionally scheduled the discovery deadline after the summary judgment deadline to allow the parties ample time to complete discovery and prepare for trial, while also giving the court time to resolve the motion.  At the commencement of discovery, on September 18, 2014, the court warned the parties "discovery required to prepare the case for possible summary judgment disposition shall be conducted before other discovery."  **See** Filing No. 14 - Initial Progression Order ¶ 1.  Finally, the defendant asserts its counsel made numerous attempts to schedule depositions because it was concerned about the delay which may befall summary judgment.  **See** Filing No. 103 - Response p. 2.  Accordingly, the plaintiff has had ample opportunity to engage in discovery, which remains ongoing, despite the defendant's timely motion for summary judgment.  Furthermore, the plaintiff may also make the arguments she raised here in conjunction with her opposition to summary judgment or seek leave of court to supplement her response upon discovery of relevant and necessary evidence.  Upon consideration,

**IT IS ORDERED**:

The plaintiff's Rule 56(d) Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment (Filing No. 99) is denied.  The plaintiff shall have until

3

**December 18, 2015**, to file a response to the defendant's Motion for Summary Judgment (Filing No. 94).

Dated this 2nd day of December, 2015.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge