# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LISA TRACEY, | |
| Plaintiff, | 8:14CV198 |
| vs. | |
| ST. JUDE MEDICAL, INC., | ORDER |
| Defendant. | |

This matter is before the court on the parties' related discovery motions. The plaintiff, Lisa Tracey (Tracey), seeks discovery from individuals who work for non-party customers of the defendant, St. Jude Medical, Inc. (St. Jude). St. Jude filed Objections to Plaintiff's Notice of Subpoenaed Videotaped Deposition Duces Tecum (Filing No. 105)[1] and a Motion for Protective Order (Filing No. 107), with a brief (Filing No. 108) and an index of evidence (Filing No. 109) in support. Tracey filed a Motion to Compel Issuance of Subpoenas (Filing No. 121), with a brief (Filing No. 124) and an index of evidence (Filing Nos. 123 and 122) in support of her motion and opposing St. Jude's motion. St. Jude filed a brief (Filing No. 125) in reply.

## BACKGROUND

Tracey alleges St. Jude wrongfully terminated her from her job at St. Jude as a Senior Technical Sales Specialist after she opposed and reported unlawful billing activities. **See** Filing No. 1 - Complaint. Specifically, Tracey alleges she opposed fraudulently billing a patient for a medical device in order to provide such device, free of charge, to a different patient and other false purchase orders. *Id.* ¶¶ 30-42. Tracey asserts St. Jude retaliated against her in violation of the Nebraska Fair Employment Practices Act (NFEPA) and Nebraska public policy. *Id.* ¶¶ 29-49. St. Jude denies fraudulent billing activity and denies terminating Tracey's employment because of her opposition to alleged fraudulent activity. **See** Filing No. 12 - Answer.

---

[1] After receipt of the notice of intent to serve a nonparty subpoena, the adverse party has seven days to serve written objections to the subpoena on the noticing party. NECivR 45.1(b). The adverse party must file a certificate of service, only, rather than the written objections with the court. *Id.*

The current discovery dispute arose in April 2015, when Tracey filed notices of intent to issue four subpoenas for depositions duces tecum; two of the intended individuals were Steve Goltl (Goltl) and Bonnie Brabec (Brabec), employees of Methodist Hospital in Omaha, Nebraska. **See** Filing Nos. 40-43 - Notices of Subpoenas. St. Jude filed a motion to prevent the discovery while Tracey filed a motion to compel the discovery. **See** Filing Nos. 45, 48. On June 3, 2015, the undersigned magistrate judge issued an order granting St. Jude's motion to prevent Tracey from issuing the subpoenas. **See** Filing No. 65. On October 19, 2015, the Honorable Joseph F. Bataillon affirmed the order, "without prejudice to the refiling of the notices of subpoenas of nonparties at a later date." **See** Filing No. 86. Specifically, the court held the "notices of non-party depositions duces tecum [were] premature" and Tracey failed to show she could not obtain the discovery by less intrusive means, suggesting she "should seek the information from the defendant before deposing third parties." *Id.* at 4. Nevertheless, the court allowed "reassertion of the requests on a proper showing that the information cannot be obtained elsewhere, sufficient narrowing of the information sought, and a showing of relevance to issues herein." *Id.*

On November 13, 2015, Tracey filed notices of intent to issue subpoenas deposition duces tecum for Goltl and Brabec. **See** Filing No. 98 - Certificate of Service; Filing No. 109 - Notices Exs. 1-2. On November 18, 2015, Tracey filed notice of intent to issue a subpoena deposition duces tecum, for the first time, to Connie Rodriguez (Rodriguez), who is a purchasing agent at the Nebraska Veterans Administration Hospital (VA Hospital). **See** Filing No. Filing No. 109 - Notice Ex. 3. On November 19, 2015, at 9:36 a.m., St. Jude filed objections to the notices. **See** Filing No. 105. Counsel for the defendant suggests she conferred "via email on November 19, 2015 prior to filing [the November 20, 2015,] Motion, but Tracey's counsel refused to withdraw the Notices. . . ." **See** Filing No. 107 - Motion p. 2. In contravention of the local and federal rules, St. Jude failed to describe appropriate consultation or even describe or attach the email correspondence. **See** Fed. R. Civ. P. 26(c)(1); NECivR 7.1(i). Despite failure to show sincere attempts to resolve the current dispute on their own, the court will evaluate the propriety of the discovery sought by Tracey.

The November 2015 notices signify the intent to serve subpoenas considerably more limited than the earlier proposed subpoenas. Previously Tracey sought to depose non-party individuals who were identified during discovery as having knowledge of St. Jude's fraudulent billing practices and she sought **all** information about **any** false or inaccurate purchase order for **any** patient relating to anything of value in excess of $50 provided by **any** employee of St. Jude to **any** medical provider at the entity. **See** Filing Nos. 56-9, 56-10, and 56-12 - Goltl, Brabec, and Linn Subpoenas. The new subpoenas limit the information sought. The subpoenas for Goltl and Brabec seek evidence relating to "the alleged false purchase orders entered by St. Jude Medical, Inc. and its employees as discussed on page 1 of the attached Exhibit 'A' and contained in the invoices attached as Exhibit 'B.'" **See** Filing No. 109 - Exs. 1-2 Goltl and Brabec Subpoenas. Exhibit A is April 2013 correspondence titled "St Jude Invoices" and discussing "incorrect PO's." *Id.* Ex. 1(A). Exhibit B includes invoices, a packing slip, and a device registration form all dated March 29, 2013. *Id.* Ex. 1(B). The subpoena for Rodriguez generally seeks evidence relating to "the alleged false purchase orders entered by St. Jude Medical, Inc. and its employees as discussed on page 1 of the attached Exhibit 'A' and contained in the invoices attached as Exhibit 'B.'" **See** Filing No. 109 - Ex. 3 Rodriguez Subpoena. Exhibit A is April 4, 2013, correspondence questioning two unauthorized charges. *Id.* Ex. 3(A). Exhibit B includes two packing slips dated March 27, 2013. *Id.* Ex. 3(B).

Tracey argues depositions of these three fact witnesses will provide evidence Tracey had a good faith, objective belief in asserting fraud occurred and St. Jude's "cover up of the fraud was pretext for firing her." **See** Filing No. 124 - Response p. 2.[2] Additionally, Tracy asserts the witness testimony is essential to support the elements of her prima facie case and to impeach St. Jude's key witnesses. *Id.* Tracey contends she did seek information from St. Jude and five internal employees; however, "[a]ll of [St. Jude's] employees denied that fraud had occurred at both the VA Hospital and Methodist Hospital and denied a cover up of the fraud . . . [and] denied that Ms. Tracey had been fired because she reported fraud. . . ." *Id.* at 4.

---

[2] All page number references correspond to the numbers assigned when filed in the CM/ECF system.

St. Jude argues Tracey failed to comply with the October 19, 2015, Order's prerequisites for the discovery sought. **See** Filing No. 108 - Response p. 7. St. Jude maintains the evidence sought lacks relevance because (1) reference to fraud at Methodist is absent from Tracey's Complaint; (2) proof of actual fraud is unnecessary; and (3) beliefs held by people other than Tracey do not support her good faith belief. *Id.* at 9-10. St. Jude also argues Tracey failed to sufficiently narrow information sought in the subpoenas or seek the information from other sources. *Id.* at 10-11. Finally, St. Jude contends the plaintiff, by seeking discovery from these third parties, attempts to harass, annoy, and embarrass St. Jude while delaying proceedings. *Id.* at 11-13.

**ANALYSIS**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" ***WWP, Inc. v. Wounded Warriors Family Support, Inc.***, 628 F.3d 1032, 1039 (8th Cir. 2011) (alteration in original) (**quoting** Fed. R. Civ. P. 26(b)(1)). Accordingly, relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978); see Fed. R. Civ. P. 26(c)(1). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity the information they hope to obtain and its importance to their case. **See *Cervantes v. Time, Inc.***, 464 F.2d 986, 994 (8th Cir. 1972). Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." ***Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton***, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). The court has authority to limit the scope of discovery. ***Roberts v. Shawnee Mission Ford, Inc.***, 352 F.3d 358, 361 (8th Cir. 2003).

4

Under this court's local rules, "[n]o subpoena may be issued for documents or premises whose inspection or production is contested under this rule until the parties resolve the objections. Any unresolved objections will be resolved by the court on appropriate motion filed in accordance with NECivR 7.1." NECivR 45.1(b); **see also** Fed. R. Civ. P. 45. A party may move for an order protecting disclosure or discovery. **See** Fed. R. Civ. P. 26(c). The party moving for the protective order has the burden to demonstrate good cause for issuance of the order. **See *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2***, 197 F.3d 922, 926 (8th Cir. 1999). After showing good cause, the court may forbid disclosure or discovery. **See** Fed. R. Civ. P. 26(c)(1)(A).

St. Jude fails to demonstrate good cause exists to preclude Tracey from issuing the subject subpoenas. Furthermore, Tracey meets her burden of showing the sought-after information is relevant to establish Tracey's good faith belief St. Jude engaged in unlawful activity. The new subpoenas are sufficiently narrow to incorporate the specific acts alleged in the Complaint or activities during the same time period, of which Tracey may have been aware or may be used to explain St. Jude's conduct with respect to Tracey. Tracey arguably sought the information without success from St. Jude. Moreover, the court finds the narrowed subpoenas seek information proportional to the needs of the case. Accordingly, the court finds St. Jude has not shown good cause exists for a protective order prohibiting issuance of Tracey's three notices for subpoenas deposition duces tecum. The court will allow issuance of the subpoenas.

**IT IS ORDERED**:

1. St. Jude's Objections to Plaintiff's Notice of Subpoenaed Videotaped Deposition Duces Tecum (Filing No. 105) is overruled.

2. St. Jude's Motion for Protective Order (Filing No. 107) is denied

3. Tracey's Motion to Compel Issuance of Subpoenas (Filing No. 121) is granted.

Dated this 1st day of April, 2016.

BY THE COURT:
 s/ Thomas D. Thalken
United States Magistrate Judge