# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **LISA TRACEY,** | |
| Plaintiff, | 8:14CV198 |
| vs. | |
| **ST. JUDE MEDICAL, INC.,** | ORDER |
| Defendant. | |

This matter is before the court on Lisa Tracey's Motion in Limine to Exclude the Testimony of Dr. Van De Graff [sic] and Motion to Quash (Filing No. 187). Tracey seeks to prevent a deposition and exclude trial testimony from a lay witness identified by St. Jude Medical, Inc. (St. Jude) after the deadline for listing trial witnesses. Tracey filed a brief (Filing No. 188) and an index of evidence (Filing No. 189) in support of the motion. St. Jude filed a brief (Filing No. 190) and an index of evidence (Filing No. 191) opposing the motion. Tracey filed a brief (Filing No. 204) and an index of evidence (Filing No. 205) in reply.

Tracey alleges St. Jude wrongfully terminated her from her job at St. Jude as a Senior Technical Sales Specialist after she opposed and reported unlawful billing activities. **See** Filing No. 1 - Complaint. Specifically, Tracey alleges she opposed fraudulently billing a patient for a medical device in order to provide such device, free of charge, to a different patient and other false purchase orders. *Id.* ¶¶ 30-42. Tracey asserts St. Jude retaliated against her in violation of the Nebraska Fair Employment Practices Act (NFEPA) and Nebraska public policy. *Id.* ¶¶ 29-49. St. Jude denies fraudulent billing activity and denies terminating Tracey's employment because of her opposition to alleged fraudulent activity, instead alleging Tracey's poor performance led to her termination. **See** Filing No. 12 - Answer.

The current discovery dispute arises from St. Jude's listing of Dr. Eric Van De Graaff as a trial witness in the July 7, 2016, Amended Witness List (Filing No. 7) and attempting to schedule his deposition. Tracey opposes St. Jude's late listing of the witness. Tracey contends the late disclosure was unjustified and prejudices Tracey. **See** Filing No. 188 - Brief p. 2-5. Tracey argues she is prejudiced because the

discovery period has expired and she would be unable to conduct any necessary discovery stemming from Dr. Van De Graaff's deposition. *Id.* at 4-5.

St. Jude admits the disclosure was untimely, by "a mere four business days," and filed without leave of court. **See** Filing No. 190 - Response p. 2. Nevertheless, St. Jude contends it was not required under the federal rules to identify Dr. Van De Graaff because he is an impeachment witness. *Id.* at 1. Specifically, St. Jude states, "[t]he testimony of Dr. Eric Van De Graaff, one of St. Jude's important physician-customers, will rebut/impeach testimony from another physician-customer Plaintiff deposed July 11 (Dr. Kent Gleed) as well as Plaintiff's own contention that she was competent." *Id.* (footnote omitted). Tracey denies Dr. Van De Graaff is an impeachment witness because his testimony would be more akin to rebuttal or substantive evidence. **See** Filing No. 204 - Reply p. 13-19.

The parties have known about Dr. Van De Graaff's identity as a possible witness since, at least, September 9, 2015, when a St. Jude employee described Dr. Van De Graaff's complaints about Tracey. **See** Filing No. 190 - Response p. 3-4. St. Jude did not list him as a witness because St. Jude did not want to "unnecessarily inconvenience or annoy" its customers. *Id.* at 4. On June 21, 2016, Tracey's counsel attempted to schedule the deposition of another customer-witness, Dr. Kent Gleed. The parties continued to discuss when, or if, Dr. Gleed's deposition should occur and, on June 29, 2016, Tracey's counsel conveyed the intent to proceed with the deposition over St. Jude's objection. Tracey's counsel interviewed Dr. Van De Graaff on June 30, 2016, for less than ten minutes. **See** Filing No. 204 - Reply p. 3. On June 30, 2016, both parties filed witness lists, neither listing Dr. Van De Graaff. **See** Filing Nos. 177 and 179. On July 6, 2016, St. Jude withdrew its objections to Dr. Gleed's deposition. On the same date, St. Jude's counsel spoke to Dr. Van De Graaff about his interview with Tracey's counsel and about his willingness to testify at trial. On July 7, 2016, St. Jude filed the amended witness list (Filing No. 184), including Dr. Van De Graaff, and sought to schedule his deposition.

Tracey's combined motion in limine and to quash was filed on July 12, 2016. **See** Filing No. 187. The deadline for the parties to identify witnesses for trial pursuant to Fed. R. Civ. P. 26(a)(3) was June 30, 2016. **See** Filing No. 154. Additionally, the progression order provides:

> All requests for changes of deadlines or settings established herein shall be directed to the magistrate judge by appropriate motion, . . . Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

*Id.* The discovery deadline was July 29, 2016, and the pretrial conference is scheduled for August 19, 2016, with trial to follow on September 19, 2016. *Id.*

Federal Rule of Civil Procedure 16(b)(4) requires a party show good cause justifying any modifications to a scheduling order. **See** Fed. R. Civ. P. 16(b); **Bradford v. DANA Corp.**, 249 F.3d 807, 809-10 (8th Cir. 2001); **see also Thorn v. Blue Cross & Blue Shield of Fla., Inc.**, 192 F.R.D. 308, 309 (M.D. Fla. 2000) ("In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.'") (paraphrasing Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)).

The court finds Dr. Van De Graaff's testimony cannot be considered impeachment. For this reason, the rules required St. Jude to timely disclose its intent to call him as a witness. St. Jude failed to seek leave of court to amend the witness list. Although St. Jude provides some explanation for the delay in identifying Dr. Van De Graaff as a lay witness, the court finds St. Jude lacks sufficient legal or factual justification to allow the untimely listing. Additionally, St. Jude suggests the testimony would be unnecessarily redundant and used to corroborate other witnesses. The court also finds Tracey has shown, under the circumstances, she will suffer prejudice by rushing to complete or curtail her own discovery related to the newly identified witness within short the time before trial. Accordingly,

**IT IS ORDERED**:

Lisa Tracey's Motion in Limine to Exclude the Testimony of Dr. Van De Graff [sic] and Motion to Quash (Filing No. 187) is granted.

Dated this 11th day of August, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge