IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LISA TRACEY,<br><br>     Plaintiff,<br><br>vs.<br><br>ST. JUDE MEDICAL S.C., Inc.;<br><br>     Defendant. | 8:14CV198<br><br>MEMORANDUM<br>AND ORDER |

  This matter is before the Court on Defendant St. Jude Medical S.C., Inc.'s ("St. Jude") objections (Filing No. 232) pursuant to Federal Rule of Civil Procedure 72(a) to the magistrate judge's August 11, 2016, order (Filing No. 213) granting Plaintiff Lisa Tracey's ("Tracey") Motion in Limine to Exclude the Testimony of Dr. Van de Graff [sic] and Motion to Quash (Filing No. 187). For the reasons stated below, St. Jude's objections are sustained in part and the magistrate judge's order is vacated.

**I.  BACKGROUND**

  In this diversity case, *see* 28 U.S.C. § 1332(a)(1), Tracey alleges her former employer, St. Jude, terminated her employment in June 2013 in violation of the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §§ 48-1104 and 48-1114(3), and Nebraska public policy for refusing to participate in St. Jude's unlawful billing practices. St. Jude denies participating in any unlawful practices and maintains it terminated Tracey because of her poor job performance.

  On July 7, 2016, St. Jude filed an Amended Witness List (Filing No. 184) that included Dr. Eric Van De Graaff ("Dr. Van De Graaff") as a fact witness. St Jude reported "Dr. Van De Graaff worked with Plaintiff when she was employed with St. Jude Medical S.C., Inc., experienced problems with her performance, and communicated those issues to St. [Jude] Medical S.C., Inc. Plaintiff's counsel is familiar with the information Dr. Van De Graaff possesses, having already interviewed him."

Tracey moved in limine to prevent Dr. Van De Graaff from testifying at trial and sought to prohibit St. Jude from taking his deposition. Pointing out St. Jude's disclosure of Dr. Van De Graaff was untimely under the progression order in this case,[1] Tracey argued "[t]he late disclosure prejudice[d] [her] in that she [wa]s left with no time to discover and offer rebuttal witnesses and exhibits." *See*, *e.g.*, *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1009 (8th Cir. 1998) (finding late production of an expert's opinion was prejudicial because of a "lack of time to prepare to refute the evidence at trial").

St. Jude responded that it did not need to identify Dr. Van De Graaff on its witness list because he was an impeachment witness. St. Jude also argued that, even if Dr. Van De Graaff should have been listed, Tracey could not show the late disclosure caused her prejudice because she and her counsel knew about him as early as September 9, 2015, and had already interviewed him. St. Jude further explained the delay resulted from its efforts to resolve a discovery dispute with Tracey without involving the magistrate judge.

The magistrate judge rejected St. Jude's argument that Dr. Van De Graaff was only an impeachment witness. The magistrate judge further found (1) St. Jude had "lack[ed] sufficient legal or factual justification to allow the untimely listing" and (2) Tracey showed she "would suffer prejudice by rushing to complete or curtail her own discovery related to the newly identified witness within [the short] time before trial." The magistrate judge granted Tracey's motion and prohibited St. Jude from deposing Dr. Van De Graaff for any purpose. On August 22, 2016, St. Jude timely objected to the magistrate judge's order.

## II.   DISCUSSION

Title 28 U.S.C. § 636(b)(1)(A) authorizes the Court to "reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous

---

[1]The deadline to identify trial witnesses pursuant to Federal Rule of Civil Procedure 26(a)(3) was June 30, 2016. The deadline to complete depositions was July 29, 2016.

or contrary to law." *Id.*; *see also* Fed. R. Civ. P. 72 ("The district judge in [a] case [in which a magistrate judge has issued an order on a nondispositive pretrial matter] must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

Noting the Eighth Circuit has cautioned that "the exclusion of critical testimony by unlisted witnesses is disfavored," *Morfeld v. Kehm*, 803 F.2d 1452, 1455 (8th Cir. 1986), St. Jude argues, among other things, that the magistrate judge erred in prohibiting St. Jude from taking Dr. Van De Graaff's deposition and excluding his testimony at trial. The Court agrees.

Federal Rule of Civil Procedure 26(a)(3)(A) requires each party to file certain information about the non-impeachment witnesses "the party expects to present [at trial] and those it may call if the need arises." By rule, a party must disclose its witnesses "at least 30 days before trial" "[u]nless the court orders otherwise." Fed. R. Civ. P. 26(a)(3)(B). In this case, the magistrate judge ordered each party to disclose its trial witnesses by June 30, 2016.

St. Jude did not formally identify Dr. Van De Graaff as a witness until July 7, 2016—one week (four business days) after the deadline. When a party fails to identify a witness as required by Rule 26(a), "the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (citing Fed. R. Civ. P. 37(c)(1)). Under Rule 37(c)(1), "[t]he district court may exclude the . . . testimony as a self-executing sanction unless the party's failure to comply is substantially justified or harmless." *Id.*

"The primary purpose of the pretrial witness disclosure rule is to give parties notice of who will be called to testify, thereby avoiding unfair surprise or prejudice at trial." *Morfeld*, 803 F.2d at 1455. "The rule should be applied flexibly and pragmatically and should seldom be used to bar a party's use of a witness not disclosed unless bad faith is involved." *Id.* at 1456. "When fashioning a remedy, the district court should consider, *inter alia*, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the . . . testimony would disrupt the order and efficiency of the trial, and the importance of the . . . testimony." *Wegener*, 527 F.3d at 692.

Applying these standards to the facts of this case, the Court concludes St. Jude's short delay in naming Dr. Van De Graaff as a fact witness was harmless and did not warrant the "harsh penalty" of excluding Dr. Van De Graaff's testimony. *ELCA Enters. v. Sisco Equip. Rental & Sales*, 53 F.3d 186, 190 (8th Cir. 1995). There is no question St. Jude failed to comply with the progression order, and the Court does not take St. Jude's failure lightly. *See*, *e.g.*, *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) ("[W]e do not take case management orders lightly, and will enforce them."); *Trost*, 162 F.3d at 1008 (explaining the "failure to disclose in a timely manner is equivalent to failure to disclose" and risks sanctions under Federal Rules of Civil Procedure 16 and 37).

But the Court also takes seriously its obligation to apply the disclosure rules "flexibly and pragmatically," *Morfeld*, 803 F.2d at 1456, and to exclude evidence "sparingly," absent bad faith. *ELCA Enters.*, 53 F.3d at 190. Here, St. Jude has given a reasonable explanation for its short delay and nothing in the record suggests St. Jude acted in bad faith or sought some unfair advantage by naming Dr. Van De Graaff as a fact witness just one week (four business days) after the deadline. Rule 26(a)(3)(B) requires notice of witnesses at least 30 days before trial. Though late under the progression order, Tracey received notice at least 74 days before the September 19, 2016, trial date and more than three weeks before the July 29, 2016, deposition deadline. Tracey was also

4

aware of Dr. Van De Graaff from other evidence in the case and even had a brief opportunity to interview him before the deadline passed to determine whether to list him as a plaintiff witness. Such a short delay so long before trial did not result in any unfair surprise or material prejudice to Tracey under the circumstances of this case.

In moving to exclude Dr. Van De Graaff's testimony, Tracey conceded the testimony is important but argued it should be excluded because she "would be significantly prejudiced at trial because [she] would not have the opportunity to conduct an investigation of any facts revealed during [Dr. Van De Graaff's] deposition and would be denied the opportunity to offer new rebuttal evidence because any such evidence would be untimely." The Court is not convinced that a one-week delay in naming Dr. Van De Graaff as a fact witness could have so dramatically altered Tracey's ability to investigate and effectively prepare for trial.

But even if St. Jude's week-late disclosure disrupted the discovery process in a material way, it did not warrant the "harsh penalty" of exclusion. *ELCA Enters.*, 53 F.3d at 190. Dr. Van De Graaff's testimony is sufficiently important that it would have justified the magistrate judge allowing him to testify and granting Tracey any reasonable accommodation she might have needed to facilitate a complete investigation or otherwise cure any harm she may have suffered. *See*, *e.g.*, *Bunting v. Sea Ray, Inc.*, 99 F.3d 887, 890 (8th Cir. 1996) (upholding discovery rulings allowing late-disclosed evidence—despite the plaintiff's allegation that he "was denied adequate time to prepare" for defense witnesses—because the plaintiff did not show prejudice and "did not ask the district court for more time to prepare for the witnesses or for more time to obtain rebuttal evidence").

Although the circumstances have changed, the Court finds that is still the best course in this case. The Court will allow St. Jude to depose Dr. Van De Graaff and will allow him to testify at trial. If Tracey contemplates needing to depose Dr. Van De Graaff

before trial, St. Jude will make him available as soon as possible and will bear all reasonable costs and expenses Tracey incurs related to the deposition. The Court will address any requests for additional accommodations Tracey may make as needed.

IT IS ORDERED:

1. St. Jude's objections (Filing No. 232) to the magistrate judge's August 11, 2016, order (Filing No. 213) prohibiting Dr. Van De Graaff's deposition and excluding him from testifying at trial are SUSTAINED in part.
2. The magistrate judge's order (Filing No. 213) is VACATED.
3. St. Jude may depose Dr. Van De Graaff and may use him to supply evidence at trial.

Dated this 3rd day of September, 2016.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge