IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LISA TRACEY,<br><br>                Plaintiff,<br><br>vs.<br><br>ST. JUDE MEDICAL S.C., Inc.,<br><br>                Defendant. | 8:14CV198<br><br>MEMORANDUM<br>AND ORDER |

      This matter is before the Court on Defendant St. Jude Medical S.C., Inc.'s ("St. Jude") Motion in Limine to Exclude Evidence (Filing No. 219) and Plaintiff Lisa Tracey's ("Tracey") Motion in Limine to Exclude Evidence of Tracey's Employment and Termination from Guidant Sales Corporation ("Guidant") (Filing No. 214); Motion in Limine to Exclude Certain Testimony of Defendant's Economist Mark E. Erwin (Filing No. 217); Motion in Limine to Exclude St. Jude's Case 129 Investigation Documents (Filing No. 222); Motion in Limine to Exclude Various Evidence and Argument (Filing No. 227); and Motion in Limine to Exclude Statements by St. Jude's Customers (Filing No. 229). Each motion is considered below.

**I.    DISCUSSION**

      "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

> The prudent use of the in limine motion sharpens the focus of later trial proceedings and permits the parties to focus their preparation on those matters that will be considered by the jury. Some evidentiary submissions, however, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. In these instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate its impact on the jury.

*Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).

### A. St. Jude's Motion in Limine to Exclude Evidence

Following partial summary judgment (Filing No. 150), Tracey's remaining allegation is that she was terminated from her employment in violation of the anti-retaliation provisions of the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. § 48-1114(3), for opposing what she claims to be St. Jude's unlawful billing practices. St. Jude seeks to exclude any evidence or argument irrelevant to Tracey's retaliation claims, including evidence or argument related to (1) allegedly false purchase orders at Methodist Hospital, "with which [Tracey] was never involved and never alleged as a basis for her retaliation claim"; (2) alleged violations of state and federal law unrelated to Tracey's retaliation claims; and (3) former St. Jude employees terminated before Tracey. According to St. Jude, such evidence is irrelevant under Federal Rules of Civil Procedure 401 and 402,[1] and if relevant, "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence" under Federal Rule of Civil Procedure 403. St. Jude also contends some of the witnesses Tracey includes on the Amended Witness List she filed on June 30, 2016, were not properly disclosed in her initial disclosures.

Tracey counters that the Methodist Hospital information is relevant to Tracey's good-faith belief St. Jude engaged in unlawful activity and her ability to prove pretext and St. Jude's true motive for terminating her. Tracey further argues she timely disclosed her witnesses and asserts they will provide relevant evidence of how similarly situated employees were treated.

The Court denies St. Jude's motion to the extent it seeks to categorically exclude Tracey's proposed witnesses for what St. Jude sees as improper or untimely disclosure.

---

[1] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the evidence." Fed. R. Evid. 401. Under Rule 402, relevant evidence is generally admissible; irrelevant evidence is not.

2

At this point, St. Jude has not shown the alleged omissions caused it to suffer any "unfair surprise or prejudice at trial." *Morfeld v. Kehm*, 803 F.2d 1452, 1455 (8th Cir. 1986). Even assuming, for purposes of this motion, that St. Jude's complaints regarding witness disclosure have merit, as St. Jude recognized with respect to its own late disclosure of Dr. Eric Van De Graaff, "the exclusion of critical testimony by unlisted witnesses is disfavored." *Id.* As it did with respect to Dr. Van De Graaff, the Court will apply the pretrial-disclosure rule "flexibly and pragmatically" on an individualized basis and will sparingly apply the rule "to bar a party's use of a witness not disclosed unless bad faith is involved." *Id.* at 1456; *see also Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (describing factors to consider in deciding whether to exclude witness testimony for non-disclosure).

The Eighth Circuit has also "cautioned . . . about the harmful effects of blanket evidentiary exclusions in discrimination cases." *Callanan v. Runyun*, 75 F.3d 1293, 1297-98 (8th Cir. 1996). Rather than categorically exclude Tracey's proposed witnesses, the Court will consider any contemporaneous objections St. Jude raises to any particular witness Tracey actually calls to testify at trial.

St. Jude's Motion in Limine is granted with respect to alleged violations of state and federal law "that have no relevance to" Tracey's underlying retaliation claims. Tracey maintains "there is a substantial difference in excluding evidence of any past unrelated illegal activities of [St. Jude] versus excluding evidence of the unlawful actions that [Tracey] specifically reported and opposed." As Tracey sees it, she "should be allowed to offer testimony and evidence of the latter."

The Court agrees with Tracey's underlying principle. In some ways, Tracey's basic position is not all that different from St. Jude's request to exclude evidence of alleged violations of law "other than the laws forming the basis of [Tracey's] [claim] of retaliation under the Nebraska Fair Employment Practice Act." Based on the parties'

3

briefs, the more difficult questions will be which alleged violations of law actually form the basis of Tracey's retaliation claims and whether the probative value of the proposed evidence is, at some point, outweighed by the danger of unfair prejudice, confusion, undue delay, or the like. *See* Fed. R. Evid. 403. The Court will rule on those questions as appropriate at trial.

As to all other matters raised in St. Jude's motion, including the admissibility of evidence and propriety of argument related to Methodist Hospital, the Court finds that it does not have enough information to rule on those issues. The Court will "defer ruling until during trial," when the Court can more-effectively evaluate the relevance of the proposed evidence and "better estimate its impact on the jury." *Jonasson*, 115 F.3d at 440.

> **B.  Tracey's Motion in Limine to Exclude Evidence of Tracey's Employment and Termination from Guidant Sales Corporation**

Tracey first seeks "to exclude any evidence relating to her prior employment and termination with Guidant" for allegedly submitting false expense reports. According to Tracey, the evidence is irrelevant, improper character evidence under Federal Rule of Civil Procedure 404(b), and inadmissible under Federal Rule of Civil Procedure 608(b), and improper under Rule 403. St. Jude responds that it does not intend to offer evidence of Tracey's prior termination as improper character evidence. Rather, St. Jude asserts the evidence is relevant and admissible on the questions of Tracey's good-faith belief of illegal activity, damages, and truthfulness. In St. Jude's view, Tracey's motion is premature and would inhibit St. Jude's ability to effectively impeach Tracey.

The Court is inclined to agree with Tracey that the mere fact that Guidant terminated Tracey is generally not admissible. But St. Jude's proposed uses go well beyond that and will depend on the evidence actually elicited at trial. The Court does not have sufficient information at this time to evaluate whether information about Tracey's

4

termination from Guidant will be admissible for St. Jude's proposed purposes. The Court denies Tracey's Motion in Limine at this time, subject to further development at trial.

### C. Tracey's Motion in Limine to Exclude Testimony from Mark E. Erwin

Tracey next moves the Court to exclude certain testimony from St. Jude's expert economist Mark E. Erwin. The Court "must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). Under Federal Rule of Procedure 702, the opinion of an expert qualified by "knowledge, skill, experience, training, or education" is admissible if (1) the opinion "is based on sufficient facts or data," (2) the opinion "is the product of reliable principles and methods," (3) "the expert has reliably applied the principles and methods to the facts of the case," and (4) "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." "Only if an expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded." *Katzenmeier v. Blackpowder Prod., Inc.*, 628 F.3d 948, 952 (8th Cir. 2010) (quoting *Hose v. Chi. Nw. Transp. Co.*, 70 F.3d 968, 974 (8th Cir. 1995)).

Tracey argues "Erwin may be qualified to opine on economic loss and general economic principles, but he is not a career development expert, a job consultant expert, or any kind of vocational specialist." Tracey asks the Court to exclude any testimony from "Erwin regarding the sufficiency or appropriateness of [Tracey's] job search, her subsequent employment, and her earnings after her termination from [St. Jude]." Tracey argues those subjects are beyond Erwin's area of expertise and will not assist the jury.

The Court will grant in part and deny in part Tracey's Motion in Limine. The Court will grant Tracey's motion to exclude evidence regarding the diligence of Tracey's job search given St. Jude's concession that the sufficiency of Tracey's search for alternative employment is "outside the scope of Erwin's expertise as a trained economist." St. Jude agrees Erwin "will not offer any opinion regarding the 'focus' or

5

'reasonableness' of [Tracey's] job search." Tracey's motion is otherwise denied. The Court is satisfied at this point that Erwin has sufficient knowledge, experience, training, and education to testify on Tracey's employment and earnings after termination. Most of Tracey's concerns about Erwin's proposed testimony go to credibility and weight, not admissibility. *See*, *e.g.*, *Arkwright Mut. Ins. Co. v. Gwinner Oil, Inc.*, 125 F.3d 1176, 1183 (8th Cir. 1997) ("Questions of an expert's credibility and the weight accorded to his testimony are ultimately for the trier of fact to determine."). Tracey can challenge Erwin's qualifications, assumptions, and opinions on cross-examination. *Id.*

**D.     Tracey's Motion in Limine to Exclude St. Jude's Case 129 Investigation Documents**

On May 7, 2013, Tracey sent an email to St. Jude's Chief of Compliance to apprise St. Jude of possible violations of St. Jude's Code of Conduct relating to Tracey's claim that she was placed on a Performance Improvement Plan after reporting fraud. St. Jude initiated an internal investigation designated as Case 129. Tracey seeks to exclude all evidence of the Case 129 investigation. In Tracey's view, the documents St. Jude has listed as trial exhibits, including an investigation summary, computer entries, notes, and various emails, are inadmissible hearsay. *See* Fed. R. Evid. 801(c).

St. Jude contends the Case 129 investigation documents are not hearsay because they "are relevant and admissible for reasons wholly unrelated to the truth of the statements they contain." According to St. Jude, it is offering the evidence to demonstrate the effect the investigation had on St. Jude and to refute Tracey's allegations of retaliatory animus and pretext. St. Jude also argues the documents are admissible under the hearsay exception for business records. *See* Fed. R. Evid. 803(6). Tracey challenges both contentions.

The Court will deny Tracey's Motion in Limine at this time. Under the circumstances of this case, the Court finds questions regarding whether the Case 129 investigation documents should be received over a hearsay objection are matters better

6

resolved after further factual development at trial. Tracey is free to renew her objections to particular statements or documents contained within the Case 129 file at the appropriate time during trial.

### E. Tracey's Motion in Limine to Exclude Various Evidence and Argument

Tracey next asks the Court for an order excluding evidence (1) regarding her ablation skills; (2) from non-supervisory St. Jude employees regarding her work performance or ability; (3) suggesting she is greedy or immoral for seeking compensation under the law; (4) regarding the timing of her report of allegations of fraud to St. Jude; (5) regarding unemployment compensation; (6) about the timing or circumstances of her hiring a lawyer; (7) regarding attorney fees; (8) regarding taxes; and (9) regarding "determinations, investigative data, opinions, and conclusions for the Nebraska Equal Opportunity Commission [("NEOC")] investigation relating to Tracey's termination from St. Jude." Tracey asserts the challenged evidence is irrelevant, unduly prejudicial, and risks confusing the jury.

In response, St. Jude argues the evidence regarding Tracey's job performance, the timing of her allegations of fraud, unemployment benefits, and the involvement of her counsel are relevant and critical to its defense. With respect to Tracey's motive for the suit and the NEOC investigation, St. Jude indicates is does not intend to offer any evidence or argument at this time but will respond if Tracey opens the door to such evidence. St. Jude also asserts Tracey's motion to exclude evidence related to attorney fees and the tax consequences of any award are moot because "St. Jude does not intend to introduce such evidence."

St. Jude has the stronger position on these matters; the motion is denied. The fact that Tracey's supervisor stated he would not hold the criticisms he had received about Tracey's coverage of ablations against her in designing her performance plan does not, as Tracey contends, make those criticisms irrelevant to questions of the ultimate reason for

Tracey's termination. And the Court does not agree that the information about Tracey's work performance is unfairly prejudicial or would confuse the jury. The same is true for information about Tracey's job performance from her co-workers. The issue of Tracey's work performance is squarely at issue.

As for the remaining issues, the Court will address any objections raised if and when the challenged evidence is offered at trial.

### F. Tracey's Motion in Limine to Exclude Statements by St. Jude's Customers

Tracey's last Motion in Limine seeks to exclude various statements St. Jude's customers made about Tracey's job performance. Tracey contends the statements are inadmissible hearsay, and if admissible, should be excluded under Rule 403 because "[t]he probative value of these alleged complaints is vastly outweighed by the danger of unfair prejudice, confusion of the issues, and the propensity for misleading the jury on a key issue.

St. Jude challenges the premise underlying Tracey's motion, arguing the evidence is not offered for the truth of the matter asserted. According to St. Jude, the complaint evidence is relevant to Tracey's supervisor's state of mind in deciding to fire her as a result of the complaints. *See*, *e.g.*, *Wolff v. Brown*, 128 F.3d 682, 685 (8th Cir. 1997) ("In employment discrimination cases, internal documents relied upon by the employer in making an employment decision are not hearsay as that term is defined in Fed. R. Evid. 801(c)—statements offered to prove the truth of the matters asserted."); *Hardie v. Cotter & Co.*, 849 F.2d 1097, 1101 (8th Cir. 1988).

Again, the Court declines to make a blanket exclusion of all statements and documents regarding complaints from St. Jude's customers at this stage and therefore Tracey's Motion is denied. Tracey is free to renew her hearsay objections at the appropriate time during trial.

## II. CONCLUSION

Having carefully reviewed the record, the Court concludes, with just a few exceptions noted above, the parties' motions in limine raise issues better addressed at trial. Accordingly,

IT IS ORDERED:

1. St. Jude's Motion in Limine to Exclude Evidence (Filing No. 219) is GRANTED in part and DENIED in part as set forth above.

2. Tracey's Motion in Limine to Exclude Evidence of Tracey's Employment and Termination from Guidant Sales Corporation (Filing No. 214) is DENIED at this time, subject to further development at trial.

3. Tracey's Motion in Limine to Exclude Certain Testimony of Defendant's Economist Mark E. Erwin (Filing No. 217) is GRANTED in part and DENIED in part as set forth above.

4. Tracey's Motion in Limine to Exclude St. Jude's Case 129 Investigation Documents (Filing No. 222) is DENIED at this time, subject to further development at trial.

5. Tracey's Motion in Limine to Exclude Various Evidence and Argument (Filing No. 227) is DENIED at this time, subject to further development at trial.

6. Tracey's Motion in Limine to Exclude Statements by St. Jude's Customers (Filing No. 229) is DENIED at this time, subject to further development at trial.

Dated this 9th day of September, 2016.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge